FILE COPY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

BRIAN FISCHLER, Individually and on behalf of all other persons similarly situated,

-against-

BAREBURGER, INC. AND BAREBURGER GROUP LLC,

CIVIL ACTION
NO: 1:18-CV-01411-FB-RML

**VERIFIED AMENDED ANSWER**

---

S I R S:

Defendants, BAREBURGER, INC. AND BAREBURGER GROUP LLC (collectively "Defendants") by and through their undersigned counsel, hereby file this Answer ("Answer") to the Complaint ("Complaint") of plaintiff, BRIAN FISCHLER ("Plaintiff") dated March 6, 2018, and state as follows:

**INTRODUCTION**

1. Defendants deny the truth of the allegations contained in paragraph "1" of the Complaint.

2. Defendants deny the truth of the allegations contained in paragraph "2" of the Complaint. Defendants affirmatively state that there are no similarly situated individuals and that plaintiff is not entitled to pursue this action on behalf of any individuals.

3. Defendants deny the truth of the allegations in contained in paragraph "3" of the Complaint. Defendants affirmatively state that the Plaintiff is not entitled to a permanent injunction. Plaintiff's Complaint fails to set forth the relative legal qualifications entitling Plaintiff to a permanent injunction.

**THE PARTIES**

4. Defendants deny the truth of the allegations contained in paragraph "4" of the

Complaint, except lack knowledge or information sufficient to form a belief as to whether Plaintiff is a resident of Astoria, Queens County New York and as to whether the plaintiff is a blind, visually impaired, handicapped person.

5. Defendants admit the truth of the allegations contained in paragraph "5" of the Complaint.

6. Defendants admit the truth of the allegations contained in paragraph "6" of the Complaint.

**JURISDICTION AND VENUE**

7. Defendants admit that Plaintiff has invoked the jurisdiction of the Court under the statute referenced in paragraph "7" of the Complaint, but deny the truth of all other allegations contained in paragraph "7" of the Complaint, and respectfully refer this Court to the statutes cited therein for an accurate recitation of their contents.

8. Defendants admit that Plaintiff has invoked the jurisdiction of the Court under the statute referenced in paragraph "8" of the Complaint, but deny the truth of all other allegations contained in paragraph "8" of the Complaint, and respectfully refer this Court to the statute cited therein for an accurate recitation of its contents.

9. Defendants deny the truth of the allegation contained in paragraph "9" of the complaint and deny that Defendant's Corporate Headquarters are located within the District of this Honorable Court. The Defendant's respectfully refer to the statutes cited in paragraph "9" of the Complaint for an accurate recitation of their contents.

10. Defendants deny the truth of the allegations contained in paragraph "10" of the Complaint, and respectfully refer this Court to the statute cited therein for an accurate recitation of its contents.

**NATURE OF ACTION**

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the Complaint including subparagraphs (a)-(o).

**STATEMENT OF FACTS**

16. Defendants deny the truth of the allegations contained in paragraph "16" of the Complaint and deny that these defendants own and operate restaurants in Brooklyn, New York, but admit that these defendants own and operate restaurants in New York Metropolitan area in which hamburgers, shakes, sodas, french fries, desserts and other similar items are sold.

17. Defendants deny the truth of the allegations contained in paragraph "17" of the Complaint, except admit that they offer a website to the public.

18. Defendants deny the truth of the allegations contained in paragraph "18" of the Complaint, except admit that the website provides information about restaurant locations, hours of operation, menus and reservation policies.

19. Defendants deny the truth of the allegations contained in paragraph "19" of the Complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Defendants deny the truth of the allegations contained in paragraph "21" of the Complaint.

22. Defendants deny the truth of the allegations contained in paragraph "22" of the Complaint, including subparagraphs (a)-(e).

Defendants Must Remove Barriers To Their Website

23. Defendants deny the truth of the allegations contained in paragraph "23" of the Complaint.

24. Defendants deny the truth of the allegations contained in paragraph "24" of the Complaint.

25. Defendants deny the truth of the allegations contained in paragraph "25" of the Complaint.

26. Defendants deny the truth of the allegations contained in paragraph "26" of the Complaint, including subparagraph (a)-(c).

27. Defendants deny the truth of the allegations contained in paragraph "27" of the Complaint.

28. Defendants deny the truth of the allegations contained in paragraph "28" of the Complaint, and respectfully refer this Court to the statute cited therein for a full and accurate recitation of its contents.

29. Defendants deny the truth of the allegations contained in paragraph "29" of the Complaint, including subparagraphs (a)-(e).

30. Defendants deny the truth of the allegations contained in paragraph "30" of the

Complaint.

31. Defendants deny the truth of the allegations contained in paragraph "31" of the Complaint.

32. Defendants deny the truth of the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny the truth of the allegations contained in paragraph "33" of the Complaint.

## CLASS ACTION ALLEGATIONS

34. Defendants deny the truth of the allegations contained in paragraph "34" of the Complaint, except admit that Plaintiff has alleged an intent to seek certification of a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2). Defendants affirmatively state that this action is inappropriate for class treatment.

35. Defendants deny the truth of the allegations contained in paragraph "35" of the Complaint, except admit that Plaintiff has alleged an intent to seek certification of a New York State Sub Class under Fed. R. Civ. P. 23(a) and 23(b)(2). Defendants affirmatively state that this action is inappropriate for class treatment.

36. Defendants deny the truth of the allegations set forth in paragraph "36" of the Complaint, except admit that plaintiff has alleged an intent to seek certification of a New York City Sub Class under Fed. R. Civ. P. 23(a) and 23(b)(2). Defendants affirmatively state that this action is inappropriate for class treatment.

37. Defendants deny the truth of the allegations contained in paragraph "37" of the Complaint, including subparagraph (a)-(e).

38. Defendants deny the truth of the allegations contained in paragraph "38" of the

Complaint.

39. Defendants deny the truth of the allegations contained in paragraph "39" of the Complaint, except lack of knowledge or information sufficient to form a belief as to counsels competency and experience.

40. Defendants deny the truth of the allegations contained in paragraph "40" of the Complaint.

41. Defendants deny the truth of the allegations contained in paragraph "41" of the Complaint.

**FIRST OF ACTION**
**VIOLATION OF THE ADA, 42 U.S.C. §1218 *et seq.***

42. Defendants repeat and restate each and every response contained in paragraphs "1" through "41" of the answer as if fully set forth herein.

43. Defendants deny the truth of the allegations contained in paragraph "43" of the Complaint and respectfully refer this Court to the statute cited therein for a full and accurate recitation of its content.

44. Defendants deny the truth of the allegations contained in paragraph "44" of the Complaint.

45. Defendants deny the truth of the allegations contained in paragraph "45" of the Complaint, and respectfully refer this Court to the statute cited therein for a full and accurate recitation of its contents.

46. Defendants deny the truth of the allegations contained in paragraph "46" of the Complaint, and respectfully refer this Court to the statute cited therein for a full and accurate recitation of its contents.

47. Defendants deny the truth of the allegations contained in paragraph "47" of the

Complaint, and respectfully refer this Court to the statute cited therein for a full and accurate recitation of its contents.

48. Defendants deny the truth of the allegations contained in paragraph "48" of the Complaint except lack knowledge or information sufficient to form a belief as to plaintiff's alleged physical disabilities.

49. Defendants deny the truth of the allegations contained in paragraph "49" of the Complaint.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE NYSHRL**

50. Defendants repeat and restate each and every response contained in paragraphs "1" through "49" of the answer as if fully set forth herein.

51. Defendants deny the truth of the allegations contained in paragraph "51" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

52. Defendants deny the truth of the allegations contained in paragraph "52" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

53. Defendants deny the truth of the allegations contained in paragraph "53" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

54. Defendants deny the truth of the allegations contained in paragraph "54" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

55. Defendants deny the truth of the allegations contained in paragraph "55" of the

Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

56. Defendants deny the truth of the allegations contained in paragraph "56" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

57. Defendants deny the truth of the allegations contained in paragraph "57" of the Complaint.

58. Defendants deny the truth of the allegations contained in paragraph "58" of the Complaint, including subparagraphs (a)-(c), and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

59. Defendants deny the truth of the allegations contained in paragraph "59" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

60. Defendants deny the truth of the allegations contained in paragraph "60" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

61. Defendants deny the truth of the allegations contained in paragraph "61" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

62. Defendants deny the truth of the allegations contained in paragraph "62" of the Complaint.

63. Defendants deny the truth of the allegations contained in paragraph "63" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate

recitation of its contents.

**AS TO THE THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE NYCHRL**

64. Defendants repeat and restate each and every response contained in paragraphs "1" through "63" of the answer as if fully set forth herein.

65. Defendants deny the truth of the allegations contained in paragraph "65" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

66. Defendants deny the truth of the allegations contained in paragraph "66" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

67. Defendants deny the truth of the allegations contained in paragraph "67" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

68. Defendants deny the truth of the allegations contained in paragraph "68" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

69. Defendants deny the truth of the allegations contained in paragraph "69" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

70. Defendants deny the truth of the allegations contained in paragraph "70" of the Complaint, including subparagraphs (a)-(c) and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

71. Defendants deny the truth of the allegations contained in paragraph "71" of the

Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

72. Defendants deny the truth of the allegations contained in paragraph "72" of the Complaint.

73. Defendants deny the truth of the allegations contained in paragraph "73" of the Complaint.

74. Defendants deny the truth of the allegations contained in paragraph "74" of the Complaint.

75. Defendants deny the truth of the allegations contained in paragraph "75" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**DECLARATORY RELIEF**

76. Defendants repeat and restate each and every response contained in paragraphs "1" through "75" of the answer as if fully set forth herein.

77. Defendants deny the truth of the allegations contained in paragraph "77" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

78. Defendants deny the truth of the allegations contained in paragraph "78" of the Complaint, and respectfully refer this Court to the statutes cited therein for a full and accurate recitation of its contents.

**PRAYER FOR RELIEF**

79. The unnumbered paragraph after paragraph "78" of the Complaint, including all subparts, contains prayers for relief to which no response is required. To the extent that a

response is required, defendants deny that plaintiff is entitled to any relief.

**JURY DEMAND**

80. Defendants join in plaintiff's request for a trial by jury.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

81. The plaintiff has failed to state a cause of action in whole or in part upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

82. This Court lacks personal jurisdiction over the defendants, BAREBURGER, INC. AND BAREBURGER GROUP LLC.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

83. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

84. This Court lacks jurisdiction over the subject matter of the action.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

85. Plaintiff failed to provide defendants with a certification from a duly licensed physician certifying plaintiff as disabled.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

86. Plaintiff has failed to establish that Plaintiff is disabled within the meaning of the American's with Disability Act or any other Federal, State or City law, rule, regulation or statute.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

87. Plaintiff has failed to establish that Plaintiff has a "qualified disability".

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

88. The Plaintiff failed to mitigate his damages pursuant to law, statute, and agreement and therefore has sustained no damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

89. Plaintiff's claims are moot.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

90. This Court lacks supplemental jurisdiction over Plaintiff's state law claims.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

91. Plaintiff's claims are barred for failure to join necessary or indispensable parties.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

92. The Complaint does not satisfy the requirements of Fed. R. Civ. P.23(a) and 23(b).

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

93. Plaintiff's claims under the ADA, the Rehabilitation Act, New York State Executive Law, and Administrative Code of the City of the New York are barred to the extent that they interfere with defendant's compliance with laws and regulations that are equally applicable to all persons.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

94. The imposition of statutory minimum damages in this matter would violate defendants Eighth Amendment protection against excessive fines in violation of the New York State Constitution and the United States Constitution.

**AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE**

95. The imposition of punitive damages in this matter would violate defendants right to due process of law in violation of the New York State Constitution and the United States Constitution.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

96. Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff is estopped as to such claims by Plaintiff's own actions, bad faith, laches and/or waiver.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

97. Plaintiff lacks standing to bring some or all of the claims asserted herein and/or to obtain the relief requested to the extent that Plaintiff is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which Plaintiff bases Plaintiff's claims. Moreover, Plaintiff lacks standing because Plaintiff has not suffered any actual injury that is concrete and particularized, and, for purposes of argument, in the event that Plaintiff suffered such an injury, it is not likely that a favorable court decision would redress that injury because Plaintiff's claims are moot. Finally, Plaintiff lacks standing because Plaintiff may not have been *bona fide* patron of Defendants, but visited the subject website, if at all, solely for the purposes of instituting the instant litigation.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

98. Plaintiff has failed to provide notice of any alleged violations prior to commencing this action, and Defendants did not have any actual or constructive notice of any accessibility issues regarding the website at issue.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

99. Plaintiff's claims are barred, in whole or in part, because the website at issue is not a place of public accomodation as that term is defined by the statute at issue.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

100. Defendants did not discriminate against Plaintiff or deny Plaintiff a full and equal opportunity to access and enjoy the benefits, goods, and services provided on the website at issue. While there are no barriers to accessing the website at issue, Defendants, nonetheless, additionally have provided equivalent facilitation and/or appropriate means for patrons with disabilities to access and enjoy the goods and services offered on the subject website.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

101. There are no barriers to accessing the website at issue. However, for purposes of argument, if any such barriers do exist, their removal would impose an undue burden on Defendants due to the complexity and/or infeasibility of the required technical changes.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

102. Plaintiff's claims are barred, in whole or in part, because the purported barriers are *de minimis* and/or within conventional industry tolerances. Moreover, some or all of the alleged issues raised by Plaintiff are not barriers to access and do not prevent the enjoyment of the goods and services available at the subject website and/or at any physical place related to the website.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

103. Any and all actions taken that allegedly adversely affected Plaintiff or that concern the design and construction of the website at issue were taken in good faith and for legitimate business reasons.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

104. Many, if not all, of the conditions alleged to violate the ADA, the New York State Human Rights Law, the New York State Civil Rights Law, and/or the New York City Human

Rights Law no longer exist, and, therefore, Plaintiff's claims for relief are moot. Plaintiff is not entitled to the recovery of attorneys' fees and/or costs for moot claims. *See Buckhannon Bd & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

105. Plaintiff has not incurred any actual damages or suffered any actual injury. Nonetheless, to the extent that Plaintiff did incur any actual damages or suffer ay actual injury, the alleged injury and damages were not caused by any act or omission of Defendants, and Plaintiff failed to mitigate the alleged damages.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

106. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction. The United States Department of Justice issued an Advanced Notice of Proposed Rulemaking on Accessibility of Web Information and Services Provided by Entities Covered by the ADA on July 26, 2010. On July 20, 2017, the Department of Justice place its rulemaking under Title III of the ADA for websites on the 2017 Inactive Actions list. To date, the Department of Justice has not promulgated any standards, regulations and/or guidelines governing the accessibility of websites.

**AS AND FOR A TWENTY-SEVENTHAFFIRMATIVE DEFENSE**

107. In the absence of federal, state and/or local regulations and/or technical standards, Defendants may choose how they provide access to and /or communicate with individuals with disabilities. Defendants provide access to and communicate effectively with individuals with disabilities by various means.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

108. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff relies

upon the Web Content Accessibility Guidelines because such guidelines are not statutory or regulatory authority, but, rather, voluntary guidelines for web accessibility created by a private organization, and the website at issue is not required to be compliant with those guidelines.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

109. To the extent that Defendants are deemed to be not in compliance with any of the statutes at issue or any regulations, standards or guidelines, any such noncompliance was caused by third parties who are outside of the direct day-to-day control of Defendants. Defendants contracted with third party entities to design, construct, and maintain the website at issue and/or certain features or functionalities thereof.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE**

110. Plaintiff may not maintain this lawsuit as a class action because Plaintiff cannot establish the requirements of Federal Rule of Civil Procedure 23 or equivalent law, including, but not limited to, typicality, superiority, predominance, manageability, ascertainability, and commonality.

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE**

111. The purported class (and subclass) is not defined in an ascertainable manner, and Plaintiff's allegations are insufficient to establish a community of interest or standing to bring suit against Defendants.

**AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE**

112. The putative class members' claims are barred by the same defenses that bar the named Plaintiff's claims.

**AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE**

113. Defendants reserve the right to assert additional defendants with regard to some or all Plaintiff's claims

**PRAYER FOR RELIEF**

WHEREFORE, Defendants, demand judgment against Plaintiff as follow:

1. Dismissing the Complaint with prejudice;

2. Awarding Defendants costs, interest, and expert and attorneys' fees; and

3. Awarding Defendants such other and further relief as this Court deems just and proper.

Dated: Hicksville, New York
April 12, 2018

Yours, etc.

**MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS, LLP**

By: ______________________________

MARC D. SLOANE, ESQUIRE (MDS-8479)
Attorney for Defendant(s),
BAREBURGER, INC. AND BAREBURGER GROUP LLC
17 West John Street, Suite 200
Hicksville, NY 11801
(516) 939-9200
File # 007482.000008

TO: Mr. Douglas Lipsky
LIPSKY LOWE LLP
630 Third Avenue, Fifth Floor
New York, NY 10017-6705
*Attorney for BRIAN FISCHLER*

## ATTORNEY VERIFICATION

MARC D. SLOANE, ESQUIRE, an attorney duly licensed to practice law in the State of New York affirms the following statements to be true under penalties of perjury:

1. I am an member of the firm of MINTZER SAROWITZ ZERIS LEDVA & MEYERS, attorneys for the defendant(s), BAREBURGER, INC. AND BAREBURGER GROUP LLC.

2. I have read the foregoing Amended Answer and know the contents thereof, that the same is true to my own knowledge, except as to matters alleged upon information and belief, and as to those matters I believe them to be true.

3. I make this Verification because defendants reside outside the county their attorneys maintain their offices.

4. The source of my knowledge is conversations with defendant and/or review of notes, reports, records, and memoranda contained in the file maintained by our office for the defense of this action.

Dated: Hicksville, New York
April 12, 2018

MARC D. SLOANE, ESQUIRE

STATE OF NEW YORK, COUNTY OF NASSAU s.s.:

AFFIDAVIT OF SERVICE BY MAIL

KARINA RUIZ, being duly sworn deposes and says that she is secretary to MINTZER SAROWITZ ZERIS LEDVA & MEYERS, the attorneys for the defendants, BAREBURGER, INC. AND BAREBURGER GROUP LLC and is not a party to this action.

That on April 18, 2018, deponent served the within **VERIFIED AMENDED ANSWER** upon:

Mr. Douglas Lipsky
LIPSKY LOWE LLP
630 Third Avenue, Fifth Floor
New York, NY 10017-6705

the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in - a post office - official depository under the exclusive care and custody of the United States post office department within the State of New York. Deponent is over the age of eighteen.

Karina Ruiz
KARINA RUIZ

Sworn to before me
April 18, 2018

Notary Public

MARC D. SLOANE
Notary Public State of New York
No. 30-4955607
Qualified in Nassau County
Commission Expires 8/19, 2021

INDEX NO. 1:18-CV-01411-FB-RML

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

BRIAN FISCHLER, Individually and on behalf of all other persons similarly situated,
Plaintiff(s)

-against-

BAREBURGER, INC. AND BAREBURGER GROUP LLC,

Defendant(s).

## VERIFIED AMENDED ANSWER

MINTZER SAROWITZ ZERIS LEDVA & MEYERS
Attorneys for
BAREBURGER, INC. AND BAREBURGER GROUP LLC
17 West John Street, Suite 200
Hicksville, NY 11801
(516) 939-9200
Our File: 007482.000008

Dated: Hicksville, New York
April 18 2018

MARC D. SLOANE, Esq.

PLEASE TAKE NOTICE

☐ that the within is a true copy of a entered in the office of the clerk of the within named Court on .

☐ that a of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court at , on at 9:30 a.m.

MINTZER SAROWITZ ZERIS LEDVA & MEYERS
Attorneys for
BAREBURGER, INC. AND BAREBURGER GROUP LLC
17 West John Street, Suite 200
Hicksville, NY 11801
(516) 939-9200